Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>SOLCIUS, LLC<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Asher Bronstin ("Mr. Bronstin"), by his undersigned counsel, for this class action complaint against Solcius, LLC ("Defendant" or "Solcius") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Solcius to make pre-recorded calls to generate new participants in their dealer program to sell solar panels, in alleged violation of the TCPA.

3. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

4. Plaintiff is an individual located in this District.

- 2 -
COMPL.
*Bronstin v. Solcius, Inc.*

5. Defendant Solcius, LLC is a Utah limited liability company that made pre-recorded calls into this District.

### III. JURISDICTION AND VENUE

6. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant because they made telemarketing calls into this District.

8. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—occurred into this District.

### IV. FACTS

**A. The Enactment of the TCPA and its Regulations**

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring,

directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**B.    Defendant's Unsolicited Pre-Recorded Telemarketing to Plaintiff**

14.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15.    Plaintiff's cellular telephone number is (714) 709-XXXX and (760) 709-XXXX.

16.    Mr. Bronsin uses the number for personal, residential, and household reasons.

17.    Mr. Bronsin never provided his prior express written consent to receive calls from the Defendant.

18.    Despite this, the Defendant sent him multiple pre-recorded telemarketing calls to each number.

19.    The pre-recorded telemarketing calls were designed to get him to sign up for the Defendant's program where they would install solar panels for a fee.

20.    This included pre-recorded calls in January, February and March, 2022.

21. The recorded message was generic, not personalized to the recipient, and was designed to secure new dealers for the program.

22. The call was clearly pre-recorded because (a) there was a significant pause after the Plaintiff picked up the phone before the robot started speaking (b) the recording would keep playing when the call recipient began talking (c) the robot had a generic monotone voice (d) the recording would keep playing over the call recipient announcing the call was being recorded (e) the robot did not respond in any way to the communication.

23. Indeed, while many of the recorded calls were left as voicemails, on one call in March of 2022, the Plaintiff answered the call.

24. Instead of speaking with a live person, the following recorded message played, including over the Plaintiff speaking.

25. Despite the plaintiff speaking, the recorded message finished and then terminated the call.

26. The following recorded message played:

> Give me a call back. I'm going to try to lay out a lot of our benefits in this voicemail for you. Okay? So just for starters, if you're out there selling solar, it's much better to work directly with the installation company. We don't use subcontractors. We use all of our own installers. So we control the process from start to finish. That's why we're so fast. So we're installing in less than 30 days. In California, we have 50 50 payment terms because when you're direct, you cut out all the middlemen. Okay? So we pay you 50% upfront and then 50% of installation. So if you sell me a job, that's a $20,000 commission. We're,

we're going to give you a 10,000 commission the following Friday, and the rest in installation within three to four weeks…

27. Despite the plaintiff answering the phone, the recording still made reference to the call being a voicemail. As such, it was clearly pre-recorded.

28. The other calls resulted in similar pre-recorded calls being left.

29. Prior to the filing of this lawsuit, the Plaintiff sent a letter to the Defendant regarding the pre-recorded conduct.

30. The Defendant responded and did not deny that they made pre-recorded calls to the Plaintiff.

31. The telemarketing alleged herein: (A) invaded Plaintiff's privacy and solitude; (B) wasted Plaintiff's time; (C) annoyed Plaintiff; (D) tied up Plaintiff' phone line; and (E) harassed Plaintiff.

## V.   CLASS ACTION ALLEGATIONS

32. <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of the Class (the "Class") defined as follows:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Solcius (or an agent acting on behalf of Solcius) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

33. Excluded from the Class are counsel, Defendant, any entities in which Defendant had a controlling interest, Defendant's agents and employees,

any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34. The Class, as defined above, is identifiable through telephone records and telephone number databases.

35. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

36. Individual joinder of these persons is impracticable.

37. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

38. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

39. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

40. This class action complaint seeks injunctive relief and money damages.

41.     There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

    a.     whether Defendant systematically made pre-recorded telemarketing calls;

    b.     whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls; and

    c.     whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42.     Plaintiff's claims are typical of the claims of the Class.

43.     Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

44.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant

to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

46. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

# FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(b)(3)
### (On Behalf of Plaintiff and the Pre-Recorded Call Class)

47. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48. The foregoing acts and omissions of the Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

49. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other

persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future;

    F.    An award to Plaintiff and the Class of damages, as allowed by law; and

    G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY

Plaintiff demand a trial by jury for all issues so triable.

## VII. SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from each of its other signatories.

RESPECTFULLY SUBMITTED AND DATED this 30th day of November, 2023.

By: */s/ Dana J. Oliver*

Anthony I. Paronich, *Pro Hac Vice Forthcoming*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorneys for Plaintiff and the Proposed Classes*